UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIGUEL A. COTRICH,**

        **Plaintiff,**

v.                                         **Case No: 6:17-cv-1272-Orl-18DCI**

**BOARD FOR CORRECTION OF
MILITARY RECORDS,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 16)** |
| **FILED:** | **October 16, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **DISMISSED**.

**I.    BACKGROUND FACTS.**

On July 12, 2017, Plaintiff, proceeding *pro se*, filed a complaint. Doc. 1. Plaintiff filed an amended complaint (the Amended Complaint) on July 27, 2017. Doc. 6. On July 12, 2017, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construed as a motion to proceed *in forma pauperis*. Doc. 2.

The Court denied Plaintiff's motion because Plaintiff failed to conform to the procedural rules and failed to state a valid cause of action. Doc. 11. The Court permitted Plaintiff to file a second amended complaint, and directed Plaintiff to comply with the following instructions:

a. Plaintiff shall specifically list the statutes, laws, or constitutional provisions that are at issue in this case;

b. To the extent Plaintiff is raising more than one claim, Plaintiff shall set forth each claim in a separate count;

c. Plaintiff shall specifically plead a short and plain statement of the facts by stating what Defendant did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of that conduct;

d. Plaintiff shall show how he has been damaged or injured by Defendant's actions and/or omissions;

e. Plaintiff shall set forth a clear statement of the relief sought for each claim;

f. The second amended complaint must include all of Plaintiff's claims in this action, and shall not refer back to the Amended Complaint (Doc. 6);

g. Plaintiff shall file the amended complaint with the Clerk's office;

Doc. 11 at 3. The Court cautioned Plaintiff that the failure to comply with these instructions may result in the case being dismissed without further warning. *Id*. at 4.

On September 9, 2017, Plaintiff filed a second amended complaint (the Complaint). Doc. 14. Plaintiff subsequently filed another application to proceed in district court without prepaying fees or costs, which the Court again interprets as a motion to proceed *in forma pauperis* (the Motion). Doc. 16.

II. **Analysis**.

As part of reviewing Plaintiff's Motion, the Court is obligated to review the Complaint and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28

U.S.C. § 1915(e)(2)(B).[1]  Although the Court must liberally construe Plaintiff's Complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the Complaint.  *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although *pro se* litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Here, Plaintiff has failed to conform to the procedural rules and has failed to provide a short and plain statement showing that Plaintiff is entitled to relief.  Indeed, the Complaint is incomprehensible and fails to state any valid claim for relief against Defendant.  Given that Plaintiff has now had three opportunities to state a valid claim but has failed to do so, the undersigned finds that the Complaint should be dismissed without leave to amend.

### III. Conclusion.

Accordingly, it is **RECOMMENDED** that:

---

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

1. The Motion (Doc. 16) be **DENIED**;

2. The Complaint (Doc. 14) be **DISMISSED**; and

3. The Clerk of Court be directed to **CLOSE** the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 30, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy